John Remeny, Inc. *v.* United States

No. 7941.—

Appraisement entry No. 2581.

(Decided January 25, 1951)

*Sidney B. Josephson* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo* and *John J. Antus*, special attorneys), for the defendant.

COLE, Judge: A piece of antique tapestry, exported from Austria, and entered at the port of New York in November 1949, was appraised at $2,500. In his official action, the appraiser found a value of $2,000 for the tapestry, itself, and $500 as the cost of repairs or alterations.

The value fixed for the tapestry is not disputed. Plaintiff's appeal for reappraisement is directed against the amount found for the repairs or alterations. While foreign value, amended section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)), is claimed to be the proper basis for appraisement, no definite amount is set forth as representative of the cost of the repairs or alterations.

Two witnesses appeared on behalf of plaintiff. The customs examiner, who advisorily reported the cost of repairs or alterations as $500 to the appraiser, stated that such value was considered as statutory cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)).

An antique dealer, with several years' experience in the business, identified the article in question as a seventeenth-century tapestry, relatively valuable in Europe but not in America. No useful purpose would be served to outline his testimony because his attempt to evaluate the repairs presents a rather vague and indefinite set of circumstances from which I am unable to find facts favorable to the importer's claim.

Plaintiff, as the appealing party, assumed the burden not only of showing that the appraisement was wrong, but also of proving the correct dutiable value. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332.

The record before me fails to establish for the repairs or alterations in question a value different from that found by the appraiser, which carries a statutory presumption of correctness, 28 U. S. C. § 2633. Accordingly, I hold the appraised value to be the proper dutiable value. Judgment will be rendered accordingly.